# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# COLUMBIA DIVISION

| | | |
|---|---|---|
| David C. Belton, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 3:15-1456 |
| | ) | |
| v. | ) | **ORDER AND OPINION** |
| | ) | |
| United States of America, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the court on Defendant United States of America's ("Defendant's") motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. ECF No. 8. Also before the court is Plaintiff David C. Belton's ("Plaintiff's") motion for leave to amend the complaint. ECF No. 11.

## I. Background

Plaintiff is suing Defendant pursuant to the Federal Tort Claims Act ("FTCA" or "the Act"), 28 U.S.C. § 2671 *et seq.*, for injuries allegedly sustained due to medical malpractice by doctors at the Dorn VA Medical Center in Columbia, South Carolina. *See* ECF No. 1 (Complaint). The Complaint does not, however, mention by name the specific employees of Defendant who allegedly injured Plaintiff. *Id.* In the administrative claim documents filed prior to bringing this action, however, Plaintiff identified Drs. Mouratev and King. ECF No. 8-1 at 1 (Plaintiff's Form SF95). Only Dr. King was alleged to be involved in the surgery which injured Plaintiff. *Id.* at 3. On June 2, 2015, Defendant filed a motion pursuant to Fed. R. Civ. P. 12(b)(1) to dismiss the complaint for lack of jurisdiction. ECF No. 8. Defendant contends that Dr. King is not an employee of Defendant and, therefore, that a claim based on her actions is not

cognizable under the FTCA because the Act only waives immunity for the torts of federal employees. *Id*. at 2-3, 5-6; 28 U.S.C. § 2671 (expressly excluding "any contractor with the United States" from coverage in the Act's waiver of immunity). Defendant supports its contention that Dr. King is not an employee of the United States with a declaration to that effect by Tamara Nichols, the human resources chief at the Dorn VA Medical Center. ECF No. 8-2 at 1.

On June 25, 2015, Plaintiff filed a motion to amend the complaint. ECF No. 11. In the proposed Amended Complaint, there is no mention of Dr. King. Rather, Plaintiff alleges that a Dr. Savoca performed the surgery which injured Plaintiff. ECF No. 11-1 at 2. Defendant filed a response in opposition to the motion to amend on July 13, 2015. ECF No. 12. Defendant argues that amendment should be denied as futile for two reasons: first, Dr. Savoca is not an employee of the United States and so his torts, likewise, are not within the scope of the FTCA; and, second, that Plaintiff's administrative complaint (Form SF95, ECF No. 8-1) did not provide sufficient information to enable the agency to conduct its own investigation into the claim. ECF No. 12 at 2-3. Defendant supports its contention that Dr. Savoca is not an employee of the United States with a second declaration by Tamra Nicols to that effect. ECF No. 12-1. Plaintiff filed a reply on July 23, 2015. ECF No. 13. In the reply Plaintiff contests only Defendant's second argument—that Plaintiff's administrative notice was insufficient. *Id*. Plaintiff leaves unrebutted Defendant's assertion that Dr. Savoca is not an employee of the United States.

## II. Legal Standard

Federal courts are not courts of general jurisdiction; they have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress. *Bender v.*

*Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986).  A district court should dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) if the complaint fails to allege facts upon which subject matter jurisdiction can be based or if the jurisdictional allegations in the complaint are not true. *Kerns v. United States,* 585 F.3d 187, 192 (4th Cir. 2009). The burden of proving subject matter jurisdiction in response to a Rule 12(b)(1) motion to dismiss is on the plaintiff, the party asserting jurisdiction. *Williams v. United States,* 50 F.3d 299, 304 (4th Cir. 1995).  "In determining whether jurisdiction exists, the district court is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment."  *Richmond, Fredericksburg & Potomac R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991).

With respect to the motion to amend the complaint, the motion was made after the time allowed for amendment as a "matter of course" by Fed. R. Civ. P. 15 expired.  Fed. R. Civ. P. 15(a) provides that leave to amend "shall be freely given when justice so requires."  A motion to amend should be denied only where it would be prejudicial, there has been bad faith, or the amendment would be futile.  *HCMF Corp. v. Allen*, 238 F.3d 273, 276–77 (4th Cir. 2001).  A motion to amend is futile where the court would lack jurisdiction over the amended complaint.  *See Dolgaleva v. Virginia Beach City Pub. Sch.*, 364 F. App'x 820, 824 (4th Cir. 2010) (affirming a district court's denial of amendment where amendment would be futile because delay in bringing the lawsuit deprived the court of subject matter jurisdiction). The rule governing amendment of pleadings favors resolving cases on their merits. *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006).  Mere delay, by itself is not sufficiently prejudicial to warrant

denial of a motion to amend. *Id.* The disposition of a motion to amend is within the sound discretion of the district court. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

### III. Discussion

The FTCA waives the sovereign immunity of the United States with respect to tort claims, rendering the United States "liable . . . in the same manner and to the same extent as a private individual under like circumstances." 28 U.S.C. § 2674. The Act, however, only waives the immunity of the United States for torts committed by employees of the United States and expressly excludes "any contractor with the United States" from inclusion in the immunity waiver. 28 U.S.C. § 2671. Before bringing a claim against the United States for a tort committed by one of its employees, a Plaintiff is required to "first present[ ] the claim to the appropriate Federal agency" and receive from the agency a denial of the claim. 28 U.S.C. § 2675(a).

In the original Complaint, Plaintiff alleges, inferentially, that he was injured by Dr. King. In the Proposed Amended Complaint, Plaintiff alleges that he was injured by Dr. Savoca, "a physician with Pitts Radiology, P.A." ECF No. 11-1 at 2. Defendant has submitted evidence in the form of two affidavits from the chief of human resources at the Dorn VA Medical Center that neither Dr. King nor Dr. Savoca are employees of the United States. The burden of proving subject matter jurisdiction in response to a Rule 12(b)(1) motion is on the plaintiff. *Williams,* 50 F.3d at 304. Plaintiff has made no allegation in either the Complaint or the Proposed Amended Complaint that he was injured by an employee of the United States. Plaintiff submitted no evidence to refute Defendant's assertion that neither of the two doctors alleged to have caused Plaintiff's injuries are employees of the United States.

The court concludes that it lacks jurisdiction over the Complaint because the complaint does not allege that Plaintiff suffered injury caused by an employee of the United States. The Proposed Amended Complaint does not cure the jurisdictional defect because it, too, fails to allege a tort caused by an employee of the United States. The court concludes that amendment would be futile. Because the court finds dispositive the issue of injury caused by an employee of the United States, the court does not address the adequacy of the notice provided Defendant by Plaintiff's Form SF95.

## IV. Conclusion

Plaintiff's motion to amend the complaint, ECF No. 11, is **denied** as futile. Defendant's 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, ECF No. 8, is **granted.**

**IT IS SO ORDERED.**

s/ Margaret B. Seymour<br>
Margaret B. Seymour<br>
Senior United States District Judge

Columbia, S.C.
July 24, 2015.