IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| David C. Belton, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 3:15-1456-MBS |
| | ) | |
| v. | ) | **ORDER AND OPINION** |
| | ) | |
| United States of America, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the court on a Motion to Alter or Amend Judgment pursuant to Fed. R. Civ. P. 59(e) filed by Plaintiff David C. Belton ("Plaintiff") on August 10, 2015. ECF No. 16. Defendant United States of America ("Defendant") filed a Memorandum of Law in Opposition to Plaintiff's Motion to Reconsider, Alter or Amend Complaint on August 25, 2015. ECF No. 17. Plaintiff filed a Reply to Defendant's Memorandum of Law in Opposition to Plaintiff's Motion to Reconsider, Alter or Amend Complaint on September 3, 2015. ECF No. 18.

**I. Background**

Plaintiff sued Defendant pursuant to the Federal Tort Claims Act ("FTCA" or "the Act"), 28 U.S.C. §§ 2671 *et seq.*, for injuries allegedly sustained during surgery due to medical malpractice by doctors at the Dorn VA Medical Center in Columbia, South Carolina.[1]  *See* ECF No. 1 (Complaint).  The Complaint did not mention by name the specific employees of Defendant who allegedly injured Plaintiff. *Id.*  In the administrative claim documents filed prior to bringing this action, however, Plaintiff identified Drs. Mouratev and King as his treating

---

[1] The FTCA only waives immunity for the torts of federal employees. The FTCA expressly excludes "any contractor with the United States" from coverage in the Act's waiver of immunity. Under the FTCA, Department of Veterans Affairs' doctors at the Dorn VA Medical Center are federal employees against whom Plaintiff may bring suit. 28 U.S.C. § 2671 (2012).

physicians. ECF No. 8-1 at 1 (Plaintiff's Form SF95). Only Dr. King was alleged to be involved in the surgery that injured Plaintiff. *Id*. at 3.

On June 2, 2015, Defendant filed a motion pursuant to Fed. R. Civ. P. 12(b)(1) to dismiss the Complaint for lack of jurisdiction. ECF No. 8. Defendant contended that Dr. King was not an employee of Defendant and, therefore, a claim based on her actions was not cognizable under the FTCA. *Id*. at 2-3, 5-6. Defendant supported its contention that Dr. King was not an employee of the United States with a declaration to that effect by Tamara Nichols, the human resources chief at the Dorn VA Medical Center. ECF No. 8-2 at 1.

On June 25, 2015, Plaintiff filed a motion to amend the Complaint. ECF No. 11. The Proposed Amended Complaint alleged that "the VA, acting though its employees and agents," was negligent and reckless in failing to disclose a risk of the ablation procedure, failing to obtain informed consent, burning through the liver, damaging the plaintiff's diaphragm, and failing to use due care. ECF No. 11-1. However, in the Proposed Amended Complaint, there was no mention of Dr. King. Rather, Plaintiff alleged that a Dr. Savoca performed the surgery that injured Plaintiff. ECF No. 11-1 at 2. In a response in opposition to the motion to amend, Defendant argued that amendment should be denied as futile for two reasons: first, Dr. Savoca was not an employee of the United States and so his alleged malpractice was not within the scope of the FTCA; and, second, that Plaintiff's administrative complaint (Form SF95, ECF No. 8-1) did not provide sufficient information to enable the agency to conduct its own investigation into the claim. ECF No. 12 at 2-3. Defendant supported its contention that Dr. Savoca was not an employee of the United States with a second declaration by Tamara Nichols to that effect. ECF No. 12-1. Plaintiff filed a reply on July 23, 2015, in which he contested Defendant's

second argument—that Plaintiff's administrative notice was insufficient.  ECF No. 13.  Plaintiff left unrebutted Defendant's assertion that Dr. Savoca was not an employee of the United States.

Based upon these facts, the court issued an Opinion and Order on July 24, 2015.  ECF No. 14.  The court concluded that it lacked jurisdiction over the Complaint because the Complaint did not allege that Plaintiff suffered injury caused by an employee of the United States.  *Id.*  Furthermore, the court found that the Proposed Amended Complaint also failed to allege a tort caused by an employee of the United States, and, therefore, it did not cure the jurisdictional defect.  *Id.*  Accordingly, the court denied as futile Plaintiff's motion to amend the Complaint and the court granted Defendant's 12(b)(1) motion to dismiss for lack of subject matter jurisdiction.  *Id.*

Now, in his Rule 59(e) Motion, Plaintiff again moves the court to permit Plaintiff to file an Amended Complaint in this action to cure the issue of lack of subject matter jurisdiction. ECF No. 16.  Plaintiff asserts his request upon the grounds that the court "misread and misapprehended the plaintiff's Proposed Amended Complaint and erred in denying the plaintiff's motion to amend." *Id.*

## II. Legal Standard

Rule 59 motions must not "be made lightly" because "[r]econsideration of a previous order is an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources."  *Crossman Cmtys. of N.C., Inc. v. Harleysville Mut. Ins. Co.*, No. Civ. A. 4:09-1379, 2014 WL 108316 at *1 (D.S.C. Jan 8. 2014) (quoting *Nelson v. Sam's Club*, No. 4:10-3020-RBH, 2011 WL 2559548 at *1 (D.S.C. June 28, 2012)); see also *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) ("In general, reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly.").  The court may

grant relief under Rule 59(e): "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Pac. Ins. Co.*, 148 F.3d at 403.

A finding is clearly erroneous when "although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948). "Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." *Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 574 (1985). "Manifest injustice occurs where the court 'has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension . . . .'" *Quinton v. Toyota Motor Corp.*, No. CIV. A. 1:10-02187, 2014 WL 526332 at *2 (D.S.C. Feb. 7, 2014) (quoting *Campero USA Corp. v. ADS Foodservice, LLC*, 916 F. Supp. 2d 1284, 1292-93 (S.D. Fla. 2012)).

A party moving pursuant to Rule 59 must demonstrate more than "mere disagreement" with the court's order to succeed on a Rule 59(e) motion. *Hutchinson v. Staton*, 994 F.2d 1076, 1082 (4th Cir. 1993). A Rule 59(e) motion is not a proper forum to "relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." 11 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2810.1 (3d ed. 1998).[1]

---

[1] The standard for motions pursuant to Rule 59(e) also applies to motions brought pursuant to Rule 52. See *Ridgeway v. Stevenson*, Civ. A. No. 3:10-490, 2011 WL 1466325 at *1 n.1 (D.S.C. Apr. 15, 2011) ("[I]t appears that [the] standard under Rule 52 is identical to the requisite standard under Rule 59(d)") (citing *Wahler v. Countrywide Home Loans, Inc.*, No. 1:05CV349, 2006 WL 3327074, at *1 (W.D.N.C. Nov. 15, 2006)).

### III. Discussion

In denying Plaintiff's Motion to Amend and in granting Defendant's Motion to Dismiss for Lack of Jurisdiction, the court erred in concluding that amendment would be futile. Upon reconsideration, Plaintiff's Proposed Amended Complaint cures the jurisdictional defect.

The burden of proving subject matter jurisdiction in response to a Rule 12(b)(1) motion is on the plaintiff. *Williams v. United States,* 50 F.3d 299, 304 (4th Cir. 1995). Here, Defendant argues that Plaintiff has failed to allege any misconduct by any specific government employee and that there has been "no mention or submission of any evidence rebutting Defendant's affidavits that either doctor [specifically mentioned in the Complaint or Proposed Amended Complaint] is an employee of the United States." ECF No. 17 at 2. However, Plaintiff does not dispute that Defendant is not liable for the acts and omissions of the government contractors, Dr. King and Dr. Savoca. ECF No. 16-1 at 3. Instead, Plaintiff's Proposed Amended Complaint alleges a failure to disclose a risk of the ablation procedure, a failure to obtain informed consent, and additional negligence claims "based on the acts and omissions of VA doctors, not Dr. Savoca." *Id.* at 2. These allegations against United States' employees are sufficient for the court to assume jurisdiction over this claim.

Furthermore, Plaintiff is not required to plead the specific names of the doctors who Plaintiff alleges committed negligence in his treatment. Plaintiff, however, is required to file with the administrative agency "(1) a written statement sufficiently describing the injury to enable the agency to begin its own investigation, and (2) a sum certain damages claim." 28 U.S.C. § 2675(a) (2012). Defendant contends that the allegations in the administrative claim's written statement do not align with those in the Proposed Amended Complaint, and that this is grounds to find lack of jurisdiction. However, before making this determination, the court needs

additional information regarding the investigation performed by the VA. Therefore, this ruling is best left for after limited discovery. Accordingly, the court will hold in abeyance the Motion to Dismiss for Lack of Jurisdiction to allow the parties to conduct limited discovery to address the adequacy of notice provided to Defendant by Plaintiff's Form SF95.

In sum, leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Here, justice requires the court reconsider its ruling, grant Plaintiff's Proposed Amended Complaint, give the parties a 30 day period of limited discovery, and subsequently, allow Defendant the opportunity to amend the Motion to Dismiss for Lack of Jurisdiction.

### IV. Conclusion

For the reasons stated herein, the Motion to Alter or Amend Judgment pursuant to Fed. R. Civ. P. 59(e) filed by Plaintiff David C. Belton, is **GRANTED**. The court's Order and Opinion granting Defendant's Motion to Dismiss and denying Plaintiff's Motion to Amend the Complaint and the Judgment in favor of the United States of America are **VACATED**. Upon reconsideration, Plaintiff's Motion to Amend the Complaint, ECF No. 11, is **GRANTED**. However, Defendant's 12(b)(1) Motion to Dismiss for Lack of Subject Matter Jurisdiction, ECF No. 8, is **HELD IN ABEYANCE**, with leave to Defendant to amend the Motion to Dismiss for Lack of Subject Matter Jurisdiction at the conclusion of a limited discovery period of **30 days.**

**IT IS SO ORDERED.**

/s/ Margaret B. Seymour_____
Margaret B. Seymour
Senior United States District Judge

Columbia, SC
November 3, 2015