IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| David C. Belton, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 3:15-1456-MBS |
| | ) | |
| v. | ) | **ORDER AND OPINION** |
| | ) | |
| United States of America, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the court on Defendant United States of America's ("Defendant's") Motion to Dismiss and Amended Motion to Dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1). ECF No. 8; ECF No. 26.

**I. Background**

On April 1, 2015, Plaintiff David C. Belton ("Plaintiff") brought the within action against Defendant pursuant to the Federal Tort Claims Act ("FTCA" or "the Act"), 28 U.S.C. §§ 2671 *et seq.*. ECF No. 1 (Complaint). Plaintiff alleges he sustained injuries during surgery due to medical malpractice by doctors at the Dorn VA Medical Center in Columbia, South Carolina. *See id.* On June 2, 2015, Defendant filed a motion pursuant to Fed. R. Civ. P. 12(b)(1) to dismiss the Complaint for lack of jurisdiction. ECF No. 8. Defendant argued that Plaintiff failed to bring claims against an employee of the United States. *Id.* On June 25, 2015, Plaintiff filed an Amended Complaint seeking to cure the jurisdictional defect. ECF No. 11. In response, Defendant argued that the Amended Complaint did not establish subject matter jurisdiction because (1) the Amended Complaint did not allege that Plaintiff suffered injury caused by an employee of the United States; and (2) prior to this action, Plaintiff's Form SF95, which was submitted as part of the administrative claim process, did not provide adequate notice to the

Department of Veterans Affairs ("VA") about the claims in the Amended Complaint. ECF No. 12. On July 24, 2015, the court issued an Opinion and Order denying the Motion to Amend as futile and granting the Motion to Dismiss for lack of subject matter jurisdiction. ECF No. 14. The court found dispositive the issue of injury caused by an employee of the United States; therefore, the court did not address the adequacy of the notice provided Defendant. *Id*.

On August 10, 2015, Plaintiff filed a Motion for Reconsideration pursuant to Fed. R. Civ. P. 59(e), arguing that the court "misread and misapprehended the plaintiff's Proposed Amended Complaint and erred in denying the plaintiff's motion to amend." ECF No. 16. After considering the arguments of the parties, the court concluded that Plaintiff's proposed Amended Complaint alleged injuries caused by employees of the United States; therefore, the court reconsidered its ruling, granted Plaintiff's Motion to Amend the Complaint, and vacated its Opinion and Order granting Defendant's Motion to Dismiss. ECF No. 20.  The court held the Motion to Dismiss in abeyance pending a limited discovery period designed to allow the parties to assess the scope of the VA's internal investigation and whether Plaintiff's Form SF95 provided adequate notice to Defendant. *Id*.

On November 16, 2015, Plaintiff filed its Amended Complaint alleging three informed consent claims and a fourth claim as follows:

> 9.  That the VA deviated from the standard of care in its treatment of the plaintiff and was negligent and reckless in the care and treatment in the following particulars:
> a.   In failing to disclose that a risk of the ablation procedure including the risk that the plaintiff could suffer a paralyzed diaphragm;
> b.   In failing to obtain a valid informed consent from the plaintiff;
> c.   In failing to tell the plaintiff anything about Dr. Savoca or his training, experience and qualifications; and
> d.   In failing to promptly diagnose and commence proper treatment of the plaintiff's paralyzed diaphragm and in

> exposing the plaintiff to unnecessary and useless medical
> care for some six months until a correct diagnosis was
> made by the VA doctors.

ECF No. 24 at ¶ 9.

On December 18, 2015, Defendant filed an Amended Motion to Dismiss for Lack of Jurisdiction. ECF No. 26. Defendant argued that the Form SF95 did not provide adequate notice for the informed consent claims (ECF No. 24 at ¶9a-c) presented in the Amended Complaint. *Id.* On January 7, 2016, Plaintiff responded by alleging that Defendant did not provide information about the adequacy of notice and Defendant failed to fully participate in the period of limited discovery. ECF No. 27. At a hearing on March 21, 2016, the court held the Amended Motion to Dismiss in abeyance and ordered Defendant to respond to Plaintiff's interrogatories. ECF No. 31. On May 6, 2016, Plaintiff submitted a supplement to the Amended Motion to Dismiss, notifying the court that Plaintiff was withdrawing his lack of informed consent claims. ECF No. 34.

On June 14, 2016, the court issued a text order instructing the parties to submit supplemental briefing addressing the scope of the VA's investigation and whether Plaintiff's Form SF95 provided adequate notice to Defendant. ECF No. 37. On June 22, 2016, Defendant responded with a detailed argument informing the court that the Form SF95 did not provide adequate notice for the informed consent claims presented in Plaintiff's Amended Complaint. ECF No. 38. By response filed on July 1, 2016, Plaintiff reiterated that he had withdrawn all of his informed consent claims. Plaintiff noted that Defendant did not argue that the allegations in the Form SF95 were insufficient notice as to Plaintiff's remaining claim against Defendant for failing to promptly diagnose and commence treatment of Plaintiff's paralyzed diaphragm and exposing Plaintiff to unnecessary and useless medical care. ECF No. 39. On July 11, 2016, Defendant replied that the Form SF95 did not provide notice of any other claim. ECF No. 40.

## II. Legal Standard

*A.   Legal Standard for Rule 12(b)(1) Motion to Dismiss*

Defendant moves under Fed. R. Civ. P. 12(b)(1) to dismiss the complaint for lack of subject matter jurisdiction.  Federal courts are not courts of general jurisdiction; they have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress. *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986).  A district court should dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) if the complaint fails to allege facts upon which subject matter jurisdiction can be based or if the jurisdictional allegations in the complaint are not true. *Kerns v. United States,* 585 F.3d 187, 192 (4th Cir. 2009). The burden of proving subject matter jurisdiction in response to a Rule 12(b)(1) motion to dismiss is on the plaintiff, the party asserting jurisdiction. *Williams v. United States,* 50 F.3d 299, 304 (4th Cir. 1995).  "In determining whether jurisdiction exists, the district court is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Richmond, Fredericksburg & Potomac R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991).

*B.  Legal Standard for the FTCA Immunity*

The FTCA waives the sovereign immunity of the United States with respect to tort claims, rendering the United States "liable . . . in the same manner and to the same extent as a private individual under like circumstances." 28 U.S.C. § 2674. The Act, however, waives the immunity of the United States only for torts committed by employees of the United States and expressly excludes "any contractor with the United States" from inclusion in the immunity waiver. 28 U.S.C. § 2671. Before bringing a claim against the United States for a tort committed

by one of its employees, a Plaintiff is required to "first present[ ] the claim to the appropriate Federal agency" and receive from the agency a denial of the claim in writing. 28 U.S.C. § 2675(a).

"[Section] 2675(a) is jurisdictional in nature and cannot be waived. However, while section 2675(a) establishes the jurisdictional limitation of the FTCA, federal regulations outline certain criteria for filing claims under the FTCA." *Dawson ex rel. Estate of Dawson v. United States*, 333 F. Supp. 2d 488, 494 (D.S.C. 2004). "The majority view is that an administrative claim conforms to these criteria so long as it provides written notice sufficient to enable the relevant agency to investigate the claim and respond either by settlement or by defense." *Id.* "[N]otice must do more than cause the government to sift through the record. Rather, notice must be sufficiently detailed so that the United States can evaluate its exposure as far as liability is concerned. Therefore, in addition to requiring a sum certain, a claimant must also provide a sufficient factual predicate so that his claim can be investigated." *Richland-Lexington Airport Dist. v. Atlas Properties, Inc.*, 854 F. Supp. 400, 412 (D.S.C. 1994) (citations and quotations omitted).

### III. Discussion

Plaintiff was required to file with the administrative agency "(1) a written statement sufficiently describing the injury to enable the agency to begin its own investigation, and (2) a sum certain damages claim." *See Ahmed v. United States*, 30 F.3d 514, 517 (4th Cir. 1994) (citation omitted). Here, Plaintiff's Form SF95 reads as follows, verbatim:

> The VA discovered I had a spot on my liver. Dr. Gueogui Mouratiev, my Doctor at the VA, recommended that I have the spot ablated and the VA arranged for the ablation to be done at Palmetto Health Richland. On information and belief, the ablation was performed by Stephanie S. King. Upon information and belief, Dr. King, in performing the ablation, burned through my liver and

> injured my right diaphragm, causing me to suffer a paralyzed diaphragm on my right. Since her ablation, I have suffered much with respiratory problems.

ECF No. 38-1.

Defendant contends that the allegations in the Form SF95 do not align with those in the Proposed Amended Complaint, and that this is grounds to find lack of jurisdiction. At length Defendant has argued that the Form SF95 did not provide notice about the now dismissed informed consent claims. As for the remaining claim for failing to promptly diagnose and commence treatment of Plaintiff's paralyzed diaphragm and exposing Plaintiff to unnecessary and useless medical care, Defendant holds that the Form SF95 did not provide "any notice of any other claim" and the VA's investigation "determined said claims to be insufficient." ECF No. 40 at 1. Defendant attached the declaration of Melinda Perritano, former regional counsel of the VA, to highlight that after the "investigation of and [her] review of Mr. Belton's claim (SF 95), [she] did not find that at any time he raised issues as to [the] VA's care or actions such as informed consent or delay in diagnosis of his paralyzed diaphragm." ECF No. 40-2 at 2.

Plaintiff counters that Defendant has not made a successful argument as to why the Form SF95 was insufficient to allow the VA to evaluate its liability for the claim presented in paragraph 9(d) of the Amended Complaint. ECF No. 38. Plaintiff argues that Defendant has not offered sufficient evidence as to what the VA did in evaluating the administrative claim. *Id.*

The court disagrees. Having considered the Form SF95, the arguments and statements of counsel, and the declaration of Melinda Perritano about the scope of the VA's internal investigation, it appears to the court that the VA did not receive sufficient notice to investigate whether it would be liable for the claim presented in paragraph 9(d) of the Amended Complaint. Plaintiff's Form SF95 detailed Plaintiff's initial consultation at the VA, his transfer to the care of

Dr. King, and Dr. King's treatment of Plaintiff. Plaintiff's Form SF95 neither discusses whether the VA failed to promptly diagnose and commence treatment of Plaintiff nor does it alert the VA that Plaintiff may seek to recover under the theory that VA doctors exposed him to unnecessary or useless medical care. Therefore, the court must dismiss this action.

### IV. Conclusion

For the reasons stated herein, Defendant's Amended Motion to Dismiss for Lack of Subject Matter Jurisdiction Motion, ECF No. 26, is **GRANTED**. Defendant's Motion to Dismiss for Lack of Jurisdiction, ECF No. 8, is **DENIED** as Moot.

**IT IS SO ORDERED.**

/s/ Margaret B. Seymour
Margaret B. Seymour
Senior United States District Judge

Columbia, SC

Dated: July 19, 2016